UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHERYL L. THERIOT, et al.,

    Plaintiffs,

v.                                              Case No. 09-cv-15013

DTE ENERGY,

    Defendant.
_____/

**ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED
*IN FORMA PAUPERIS* AND SUA SPONTE DISMISSING THE COMPLAINT**

Before the court is Plaintiffs Cheryl L. Theriot, Darias R. Theriot, James D. Theriot, Pamela A. Theriot, and Trey D. Shaw-Theriot's *pro se* complaint, filed December 28, 2009. Contemporaneous to filing the complaint, Plaintiff Cheryl Theriot filed an application to proceed *in forma pauperis*. The court will grant the application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1),[1] and the court will sua sponte dismiss the complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3).

---

[1] In the application to proceed *in forma pauperis*, Plaintiff Cheryl Theriot states that she is unemployed and that she does not have any money in a checking or savings accounts. Her only source of income over the past twelve months is $843 for Social Security disability. She has an interest in real estate, her principal residence. However, she lists the value of this residence as $0. The co-Plaintiffs are her dependants and she contributes $100/month, room and board, or both to them. Based on these declarations, the court finds that Plaintiffs are unable to pay the filing fee. *See* 28 U.S.C. § 1915(a)(1). Accordingly, the court will grant the application to proceed *in forma pauperis*. *See id.*

## I. BACKGROUND

Plaintiffs filed a complaint against Defendant DTE Energy on December 28, 2009. The following constitutes the entirety of Plaintiffs' handwritten complaint:

> I (Plaintiff) gave DTE $600 (approximately 2 years ago) to be enrolled in their budget-shutoff protection program. They never enrolled me. On 12/18/09 DTE turned off gas (heat service & cooking) to 456 Marston St. injuring the residents of the household. Trey Shaw-Theriot resident of 456 Marston and Plaintiff in this civil action suffered life threatening injuries. Plaintiffs are seeking monetary compensation $4,995,331 which will compensate Plaintiffs for injury and rectify Defendants' (assumed) allegations against Plaintiff.

(Compl. at 1-2.) Plaintiffs attached to the complaint a discharge sheet for Trey Shaw-Theriot from the Detroit Medical Center on December 26, 2009. (Compl. at 3.) The reason for the visit was listed as "LLL Pneumonia" and a prescription was given for amoxicillin. (*Id.*)

In addition to the complaint, Plaintiffs filled out a civil cover sheet. The civil cover sheet stated that the basis of jurisdiction was federal question. Even though the sheet requests the citizenship of the parties for diversity cases only, Plaintiffs indicated they were citizens of this state and that Defendant was incorporated or had its principal place of business in this state. With respect to the nature of the suit, Plaintiff checked the box for "other personal injury." In the space for the "U.S. Civil Statute under which you are filing," Plaintiffs listed *Local Loan Co. v. Hunt*, 292 U.S. 234, 244 (1934) and 11 U.S.C. §§ 109(g), 362(d) & (e), 1305(c), 1322(a)(1), and 1327. Plaintiffs gave the following brief description of the cause of action, "In its efforts to extort money from Plaintiffs, defendant used tactics which resulted in bodily harm to Plaintiffs."

On January 6, 2010, Plaintiffs filed a "Motion to Adjust Amount of Monetary Compensation Sought by Plaintiff, et al."  In this motion, Plaintiff made an additional allegation that "Defendant has committed another illegal act against Plaintiff with harmful effects.  On 1/05/2010, Defendant (DTE Energy) illegally turned off electrical power at 456 Marston St., the residence of Plaintiff, ET AL."  (Pls.' Mot. at 1.)  Attached to the motion, Plaintiff included a "payment coupon," which stated a total amount due of $15,035,263.35.  (*Id.* at 3.)  It was drafted like a bill to Defendant, including a summary of charges, a space to indicate the amount paying, and instructions to "Return upper portion with your payment" and to "Keep lower portion for your records."  (*Id.*)

## II.  STANDARD

Complaints filed by a plaintiff proceeding *in forma pauperis* are subject to the screening requirements of 28 U.S.C. § 1915(e)(2).  *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000).  Section 1915(e)(2) requires district courts to screen and to dismiss complaints that are frivolous, fail to state a claim upon which relief can be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2); *McGore v. Wigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997).

Even if a plaintiff is not proceeding *in forma pauperis*, the federal courts "have an independent obligation to investigate and police the boundaries of their own jurisdiction."  *Torres v. State Farm Mut. Auto Ins. Co.*, 478 F. Supp. 2d 924, 926 (E.D. Mich. 2007).  "The question of subject matter jurisdiction may be raised at any time, whether at the suggestion of the parties or sua sponte by the court."  *Lexington-Fayette Urban County Gov't Civil Service Comm'n v. Overstreet*, 115 F. App'x 813, 816 (6th Cir. 2004).  The court may address subject matter jurisdiction "'at any juncture because a federal court

lacks authority to hear a case without subject matter jurisdiction.'" *Klepsky v. United Parcel Serv., Inc.*, 489 F.3d 264 (6th Cir. 2007) (quoting *Thornton v. Sw. Detroit Hosp.*, 895 F.2d 1131, 1133 (6th Cir. 1990)). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Title 28 U.S.C. § 1332 provides, in pertinent part, that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a)(1). Under 28 U.S.C. § 1332(a), therefore, the two requirements for diversity jurisdiction are (1) that the matter in controversy exceed $75,000.00, and (2) that complete diversity exist between the disputing parties. "A district court lacks subject matter jurisdiction in a diversity action where the parties are not completely diverse." *Saginaw Housing Comm'n v. Bannum, Inc.*, 576 F.3d 620, 624 (6th Cir. 2009).

Title 28 U.S.C. § 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The Sixth Circuit has held that "[i]n determining whether an action 'arises under' federal law, we are governed by the well-pleaded complaint rule, which requires that a federal question be presented on the face of the complaint." *Mich. S. R.R. Co. v. Branch & St. Joseph Counties Rail Users Ass'n, Inc.*, 287 F.3d 568, 573 (6th Cir. 2002) (citing *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)).

4

### III.  DISCUSSION

The facts as alleged by Plaintiffs in the complaint do not provide grounds for this court to exercise subject matter jurisdiction over this case.  Plaintiff's claim can be construed as a breach of contract claim for DTE's failure to adhere to its "budget-shutoff protection program" for which Plaintiffs allegedly paid $600, or as a tort claim for negligently or intentionally shutting off Plaintiffs' gas and electricity causing personal injury.  In either case, the claim would arise under state law, not federal law.  The court cannot exercise jurisdiction over this state-law claim based on diversity of citizenship because both Plaintiffs and Defendant are citizens of the state of Michigan.  *See Saginaw Housing Comm'n*, 576 F.3d at 624.

Plaintiffs allege federal question as the basis for this court's jurisdiction and cite the following as the "U.S. Civil Statute" under which they are filing: *Local Loan Co. v. Hunt*, 292 U.S. 234, 244 (1934) and 11 U.S.C. §§ 109(g), 362(d) & (e), 1305(c), 1322(a)(1), and 1327.  These federal laws cited by Plaintiffs involve bankruptcy proceedings.  Although federal district courts have subject matter jurisdiction over bankruptcy cases, *see* 28 U.S.C. § 1334, Plaintiffs' complaint cannot be construed as arising under bankruptcy law.  Instead, it is a lawsuit against DTE Energy for turning off Plaintiffs' gas and electricity.  As these allegations do not present a federal question, the court does not have subject matter jurisdiction over this case.  *See Mich. S. R.R. Co.*, 287 F.3d at 573.

Although Plaintiffs may have a cause of action against Defendant based on the allegations in the complaint, a *federal* court is not the proper forum for this suit.

Accordingly, the court will dismiss the complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3).

## IV. CONCLUSION

For the reasons stated above, IT IS ORDERED that Plaintiff's application to proceed *in forma pauperis* [Dkt. # 2] is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's complaint [Dkt. # 1] is DISMISSED pursuant to Federal Rule of Civil Procedure 12(h)(3) for lack of subject matter jurisdiction.

      S/Robert H. Cleland  
      ROBERT H. CLELAND  
      UNITED STATES DISTRICT JUDGE

Dated: January 21, 2010

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 21, 2010, by electronic and/or ordinary mail.

      S/Lisa Wagner  
      Case Manager and Deputy Clerk  
      (313) 234-5522